NIHAT DENIZ BAYRAMOGLU (Nevada. Bar No. 14030)
deniz@bayramoglu-legal.com
GOKALP BAYRAMOGLU (Nevada Bar No. 15500)
gokalp@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89014
Telephone: (702) 462-5973
Facsimile: (702) 553-3404

*Attorneys for Plaintiff,*
*Iron Bird, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IRON BIRD, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RED CAT HOLDINGS, INC., <br><br> Defendant. | Case No. 3:25-cv-00103-ART-CLB <br><br> **ORDER GRATING STIPULATED PROTECTIVE ORDER** |

## I.   SCOPE OF PROTECTED INFORMATION

The parties in this action may be required to produce in discovery information that constitutes, in whole or in part, information such as trade secrets non-public research and development, commercial or financial information, or other information that may cause "annoyance, embarrassment, oppression, or undue burden or expense" to the producing party or a non-party under FRCP 26(c) if disclosed to the public ("Protected Information"). The parties anticipate production of the following categories of Protected Information, without limitation: (A) financial data not subject to external disclosure except to persons subject to a protective order; (B) pre-market product research, development, and strategy not subject to external disclosure except to persons subject to a protective order; (C) internal legal strategy not otherwise protected by the attorney-client privilege or work product doctrine; (D) intellectual property development, licensing, monetization, and registration strategy not subject to external disclosure except to

persons subject to a protective order; and (E) post-market research, development, and strategy not subject to external disclosure except to persons subject to a protective order. The parties reserve the right to seek modification of this Stipulated Protective Order if other categories of information come to light during discovery warranting such protection from public disclosure and designation as Protected Information.

## II.    DESIGNATION OF PROTECTED INFORMATION

### a. Scope

Any party or non-party who produces Protected Information in this action may designate it as "Confidential" or "Attorneys' Eyes Only" consistent with the terms of this Order. "Designating Party" means the party or non-party who so designates the Protected Information; "Receiving Party" means the party or non-party to whom such Protected Information was produced or disclosed. Whenever possible, the Designating Party shall designate only those portions of a document, deposition, transcript, or other material that contain the Protected Information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of the Designating Party's Protected Information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if such party has first tried in voice-to-voice communications and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and this Court's local rules.

The protections conferred by this Stipulation and Order cover not only Protected Information (as defined above), but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Information. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

STIPULATED PROTECTIVE ORDER                    CASE NO. 3:25-cv-00103-ART-CLB

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Protective Order shall be served and filed under the Local Rules and the presiding judge's standing orders or other relevant orders.

The parties shall meet and confer in advance of the deadline for submission of the Joint Pretrial Stipulation in accordance with the Local Rules regarding a procedure for the use at trial of any document designated for protection under this Protective Order. Any agreed-upon procedure by the parties shall be included in the Joint Pretrial Stipulation. If the parties cannot reach agreement on a procedure, the parties shall set forth their respective proposals in the Joint Pretrial Stipulation.

**b. Application to Non-Parties**

Before a non-party is given copies of designated Protected Information as permitted hereunder, such non-party shall first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A; if such non-party fails to do so, the parties shall resolve any such dispute before making disclosure of designated Protected Information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, such non-party shall first sign the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

**c. Timing and Provisional Protection**

Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate Protected Information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential or Attorneys' Eyes Only as part of one or more specific depositions. The use of a document as an exhibit at a deposition shall not in any

way affect the document's designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." To retain any designations beyond the provisional period, a Designating Party shall designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations shall be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts. Bad-faith designation of information as Protected Information shall entitle the Receiving Party to reasonable attorneys' fees and costs.

### d.  **Manner of Designation**

Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party shall promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

### III.  **CHALLENGES TO DESIGNATED INFORMATION**

Any Party may challenge a designation of confidentiality at any time (the "Challenging Party"). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall engage in a good-faith voice-to-voice meet-and-confer within five court days following such written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider

the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to file a motion with the Court to change the designation only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

The Challenging Party may file a motion challenging a confidentiality designation at any time after the parties have conferred as set forth herein above if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and comply with Local Rule 37.1.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

### IV.   LIMITED ACCESS/USE OF PROTECTED INFORMATION

#### a.   Restricted Use

Protected Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without the written consent of the Designating Party. No designated Protected Information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated Protected Information agree to exercise reasonable care regarding the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is

not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated Protected Information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or party to sanctions and an award of attorney fees to the Designating Party.

**b.  Access to "Confidential" Information**

The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1.      The Court, its personnel, and court reporters;

2.      Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

3.      Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

4.      The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

5.      Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

6.      Professional jury or trial consultants and mock jurors who have signed the acknowledgment to be bound to these terms that is attached hereto as Exhibit A;

7.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.      At a deposition or hearing, the attorney for a witness who is shown the information or item; and

9.      Other witnesses or persons with the Designating Party's consent or by court order.

### c.  Access to "Attorney's Eyes Only" Designations

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "ATTORNEYS' EYES ONLY" to those persons listed in Section b (Access to "Confidential" Information) above to whom disclosure is reasonably necessary for this litigation provided that such person  is not a past or current officer, director, owner, member, partner, contractor or employee (including in-house counsel) of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, owner, member, partner, contractor, or employee (including in-house counsel) of a Party or a competitor of a Party and signs the acknowledgment to be bound to these terms that is attached hereto as Exhibit A.

### d.  Review of Witness Acknowledgments

At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession. The Receiving Party shall, within three court days of the demand, provide all such copies to the Designating Party making the demand. Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements shall later be provided contemporaneously with any reports issued by one or more of said experts. If a Receiving Party is not required to disclose the identity of any consulting experts, the Receiving Party may not be compelled to produce any acknowledgments from those experts to the Designating Party. However, if the Designating Party provides to the Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an in camera review of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

### e.  **Non-Waiver Effect of Designations**

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, shall constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated Protected Information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

### f.  **In-Court Use of Designated Protected Information**

If Protected Information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party, prior to offering the information, shall give advance notice to the party or non-party that designated such Protected Information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, by procedures for filing under seal pursuant to the Court's orders and the local rules of practice, or by a motion in limine. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

### g.  **Protected Information Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

1.  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

3.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

Nothing in this Order, and no CONFIDENTIAL or ATTORNEYS' EYES ONLY designation, shall prevent counsel from advising their respective clients in any way relating to this action, provided that counsel does not disclose to its client any information protected from such disclosure by this Order.

## V.    CLAW-BACK REQUESTS

### a.    Failure to Make Designation

If, at any time, a party or non-party discovers that such party or non-party produced or disclosed Protected Information without designation, such party or non-party may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the "Claw-Back Notification"). The Receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the Claw-Back Notification, the Receiving Party shall: (1) certify to the producing/Designating Party that the Receiving Party has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that the Receiving Party received, made, and/or distributed; and (2) if the Receiving Party was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party shall reasonably provide as much information as practicable to aid the producing/Designating Party in protecting the

information, consistently with the Receiving Party's attorney-client privilege and the work product doctrine.

### b. Inadvertent Production of Privileged Information

If, at any time, a producing party discovers that such producing party produced information that such producing party reasonably believes is subject to protection under the attorney/client privilege or work product doctrine, then such producing party shall: (1) promptly notify each Receiving Party of the producing party's claim(s) for protection and the basis or bases for such claim(s), (2) amend the producing party's privilege log accordingly, and (3) comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party shall produce substitute information with redaction of only the information subject to the claimed protection. The Receiving Party shall thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) if such persons are persons are not barred from receiving such Protected Information pursuant to this Order, request such person or persons to execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

## VI.    DURATION/CONTINUED RESTRICTIONS

### a. Handling of Designated Information Upon Conclusion of Action

Upon conclusion of this action, including all appeals, the Receiving Party(ies) is/are responsible for ensuring that all Receiving Parties return or destroy all of such Receiving Party's copies of such Designating Party's designated Protected Information, regardless of the medium in which such designated Protected Information was stored. Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) shall

certify to each Designating Party that all designated Protected Information hereunder has been destroyed by all parties and witnesses for whom that Receiving Party is responsible. No witness or party may retain designated Protected Information that such witness or party received from any other party or non-party under this Order; only counsel of record are authorized agents who may retain one copy for their respective legal files, and who shall also describe to the Designating Party the extra steps taken to seal such counsel of record's legal file containing paper and/or electronic copies of the designated Protected Information so that such Protected Information is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

### b.  **Continued Restrictions Under this Order**

The restrictions on disclosure and use of designated Protected Information survive the conclusion of this action.

### VII.  **REQUESTS TO SEAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Information. This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, shall comply with District of Nevada Local Rule IA 10. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof.

DATED: July 21, 2025                          Respectfully Submitted,

**BAYRAMOGLU LAW OFFICES LLC**           **LEX TECNICA LTD**

By: */s/Nihat Denis Bayramoglu*             By: */s/ H. Jared Doster*
Nihat Deniz Bayramoglu (NV Bar No. 14030)   H. Jared Doster (Nevada Bar No. 17067)
deniz@bayramoglu-legal.com                  jared@lextecnica.com
*Attorney for Iron Bird, LLC*               *Attorney for Red Cat Holdings, Inc.*

1

## <u>ORDER</u>

2

**IT IS HEREBY ORDERED**:

3

That the parties' request for a Protective Order is **GRANTED** and that all materials
produced as described above shall be subject thereto. The Court will only retain jurisdiction over

4

this protective order while the case is pending, and its jurisdiction will cease upon dismissal of
the case.

5

6

**IT IS SO ORDERED.**

7

**DATED**:   <u>July 22, 2025</u>

8

**UNITED STATES MAGISTRATE JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                         CASE NO. 3:25-cv-00103-ART-CLB

# **EXHIBIT A**

## **IN THE UNITED STATES DISTRICT COURT**
## **DISTRICT OF NEVADA**

| | |
|---|---|
| IRON BIRD, LLC, | Case No. 3:25-cv-00103-ART-CLB |
| Plaintiff, | |
| v. | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| RED CAT HOLDINGS, INC., | |
| Defendant. | |

The undersigned acknowledges having been provided with and having read the Stipulated Protective Order in this matter (the "Protective Order"). The undersigned further agrees to: (i) be bound under the Protective Order, (ii) comply with all the Protective Order's provisions, and (iii) be subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of the Protective Order's terms.


DATED:_____      SIGNED:_____

STIPULATED PROTECTIVE ORDER                    CASE NO. 3:25-cv-00103-ART-CLB