1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

IRON BIRD LLC,

              Plaintiff(s),

vs.

RED CAT HOLDINGS, INC.,

              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case #3:25-cv-00103-ART-CLB

**ORDER APPROVING**

**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**

FILING FEE IS $250.00

        Isaac Rabicoff _____, Petitioner, respectfully represents to the Court:
             (name of petitioner)

1.    That Petitioner is an attorney at law and a member of the law firm of

                Rabicoff Law LLC
                  (firm name)

with offices at         4311 N Ravenswood Ave, Suite 315         ,
                  (street address)

    Chicago         ,        Illinois        ,    60613   ,
    (city)               (state)         (zip code)

    (773) 669-4590     ,     isaac@rabilaw.com     .
  (area code + telephone number)        (Email address)

2.    That Petitioner has been retained personally or as a member of the law firm by

        IRON BIRD LLC          to provide legal representation in connection with
         [client(s)]

the above-entitled case now pending before this Court.

Rev. 5/16

3.     That since _____10/31/2013_____, Petitioner has been and presently is a
                              (date)
member in good standing of the bar of the highest Court of the State of _____Illinois_____
                                                                                      (state)
where Petitioner regularly practices law.  Petitioner shall attach a certificate from the state bar or
from the clerk of the supreme court or highest admitting court of each state, territory, or insular
possession of the United States in which the applicant has been admitted to practice law certifying
the applicant's membership therein is in good standing.

4.     That Petitioner was admitted to practice before the following United States District
Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts
of other States on the dates indicated for each, and that Petitioner is presently a member in good
standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| State of Illinois | 10/31/2013 | 6313775 |
| State of Virginia | 10/31/2019 | 95094 |
| Northern District of Texas | 3/12/2020 | |
| Southern District of Texas | January 1, 2019 | |
| Eastern District of Texas | January 1, 2017 | |
| Western District of Texas | January 1, 2020 | |
| Western District of New York | January 1, 2020 | |

5.     That there are or have been no disciplinary proceedings instituted against petitioner,
nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory
or administrative body, or any resignation or termination in order to avoid disciplinary or
disbarment proceedings, except as described in detail below:

See attached

2

6.      That Petitioner has never been denied admission to the State Bar of Nevada.  (Give particulars if ever denied admission):

| None. |
| --- |
| |
| |

7.      That Petitioner is a member of good standing in the following Bar Associations.

| None. |
| --- |
| |
| |

8.      Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
| --- | --- | --- | --- |
| None | | | Denied ▼ |
| | | | Denied ▼ |
| | | | Denied ▼ |
| | | | Denied ▼ |
| | | | Denied ▼ |

(If necessary, please attach a statement of additional applications)

9.      Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10.     Petitioner agrees to comply with the standards of professional conduct required of the  members of the bar of this court.

11.     Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

Rev. 5/16

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

_____
Petitioner's signature

STATE OF _Illinois_ ▾ )
                          )
COUNTY OF _Cook_         )

_Isaac Rubinoff_, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

_16th_ day of _September_, _2025_.

OFFICIAL SEAL
JEFFERY W VEAL
Notary Public, State of Illinois
Commission No 906399
My Commission Expires December 31, 2027

Signed by:
_____
Notary Public or Clerk of Court

## DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate _Glenn H .T nitt_,
                                                                                     (name of local counsel)
Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

_400 South Fourth Street, Suite 540_,
(street address)

_Las Vegas_,          _Nevada_          _89101_
(city)                 (state)           (zip code)

_(702) 852-6601_,       _gtruitt@privatewealthlawinc.com_,
(area code + telephone number)         (Email address)

4

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____ Glenn H. Truitt _____ as
                                          (name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

Signed by:

_____
(party's signature)

Jeffrey M Gross, managing member
_____
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

### CONSENT OF DESIGNEE
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

12506        gtruitt@private.seattlelawinc.com
Bar number        Email address

**APPROVING.**

_____
Anne R. Traum
United States District Judge

DATED: September 19, 2025

Rev. 5/16

# Supplement to Question 5

On or about November 19, 2020, I received a court sanction in the Northern District of California. Though I had engaged local counsel, the court believed that my level of litigation activity may have reached "regular practice of law", which is (unlike other jurisdictions) not permitted by the California state bar, so the court also referred me to the Standing Committee of the Northern District of California. I will disclose the full circumstances of the court sanction, referral, self-reporting to the Virginia and Illinois state bars, and resulting investigations.

I self-reported the sanction and Standing Committee referral within less than 2 months after I received confirmation that the Standing Committee matter was closed. These notices are attached as **Exhibit A** (the notices themselves have internal Exhibits 1-4; for brevity, I include these exhibits only once after the notice letters) and provide a comprehensive explanation of this matter. The Rule 59 motion, included as Exhibit 1 to each notice, fully recounts the facts and explains why my actions lacked bad faith even though I had admittedly committed some avoidable errors and blunders.

The Illinois disciplinary agency reviewed my report, and ultimately decided to close the matter without further action. See **Exhibit B**; see also Exhibit 5-IL Disciplinary History (an exhibit to the Application). The Virginia disciplinary agency elected to investigate the matter further, interviewed me, and ultimately made a Public Reprimand Without Terms. See Exhibit 5-VA Disciplinary History (an exhibit to the Application).

To address the seriousness of these charges, I have carefully updated policies and procedures at my law firm. In particular, we have completely paused participating in any litigation in the state of California, at least for the medium term, to avoid the possibility of regularly practicing law in the state (though I should note that the Standing Committee did not determine that my actions amounted to unauthorized practice of law; see internal Exhibit 3 to **Exhibit A**). More generally, in all jurisdictions where I am not admitted, I am timely seeking pro hac vice admission well before any need for court appearance. Finally, I am carefully reviewing the rules of civil procedure in each jurisdiction with pending litigation.

I fully appreciate the gravity of my mistake and have taken active steps to avoid similar future blunders. Given this isolated incident in an otherwise pristine decade of law practice, I respectfully request that the New York state bar consider my admission given this broader context.

Exhibit A

# RABICOFF LAW LLC

5680 KING CENTRE DR, SUITE 645
ALEXANDRIA, VA 22315

(773) 669 4590
ISAAC @ RABILAW.COM

May 11, 2022

<u>**VIA EMAIL**</u>

ARDC
Illinois State Bar
One Prudential Plaza
130 E. Randolph Dr., Ste. 1500
Chicago, IL 60601-6219.
information@iardc.org

Re:    **Self-Reporting**
        **Court Sanction and Concluded Disciplinary Proceeding**
        *Cedar Lane Technologies Inc. v. Blackmagic Design Inc.*
        **ND. Cal., Case No. 3:20-cv-01302**
        **IL Bar No. 6313775**

To Whom It May Concern:

I am currently an active member in good standing with the Illinois Bar. I believe that I am obligated to provide notice to the ARDC under these circumstances, where I have received a court sanction and referral to the Standing Committee of the Northern District of California.

The enclosed documents provide a detailed account of the facts surrounding the court sanction and referral

- A Rule 59 Motion seeking reconsideration over some of the court's finding, filed on December 16, 2020 (**Exhibit 1**), and including a detailed factual background section

- The court's sanction order, issued on November 19, 2020 (**Exhibit 2**)

- A Final Report of the Standing Committee issued on February 4, 2022, ordering the payment of pro hac vice fees for cases filed in the Northern District (**Exhibit 3**)

- An email confirmation by a clerk of the Northern District, which I received on March 25, 2022, confirming the timely fee payment and that the matter was closed (**Exhibit 4**)

The Rule 59 Motion describes the factual circumstances involved with the court's sanction and disciplinary referral. The basis of the sanction arose from my mistaken interpretation over the circumstances under which a party may amend a complaint as of right (under FRCP 15). The Motion explains that I made a genuine mistake, devoid of bad faith.

— 1 —

# RABICOFF LAW LLC

5680 KING CENTRE DR, SUITE 645          (773) 669 4590
ALEXANDRIA, VA 22315                    ISAAC @ RABILAW.COM

Regarding the Standing Committee matter, the Standing Committee narrowed down the issues and concerns of the court to a single issue – that I had delayed seeking pro hac vice admission in 29 cases over the past 2 years in the district, because these cases resolved early in the litigation. I explained that I had consulted with my local counsel, and my local counsel advised that seeking pro hac vice admission concurrently with filing the initial pleadings was not required, and that it would be acceptable to wait until the case management conference to seek such admission.

After conducting a thorough investigation and discussing these issues with my local counsel, the Standing Committee suggested that an appropriate resolution would be for me to pay the pro hac vice fees in all cases where I did not seek admission. I accepted this proposed resolution, and promptly and timely paid the required fee upon receiving the corresponding court order. *See* Exhibits 2 and 3.

I fully acknowledge the gravity of my mistakes, will never commit them again, and have timely paid the court's sanction fee and the Standing Committee's pro hac vice fees.

I am happy to address any questions or provide any further documentation upon request.

Sincerely,

/s/ Isaac Rabicoff
Isaac Rabicoff

## RABICOFF LAW LLC

5680 KING CENTRE DR, SUITE 645          (773) 669 4590
ALEXANDRIA, VA 22315                    ISAAC @ RABILAW.COM

May 11, 2022

**VIA EMAIL**

ATTN: Joanne Fronfelter
Clerk of the Disciplinary System
Virginia State Bar
1111 East Main Street, Suite 700
Richmond, VA 23219-0026
clerk@vsb.org

Re:    Self-Reporting
       **Court Sanction and Concluded Disciplinary Proceeding**
       *Cedar Lane Technologies Inc. v. Blackmagic Design Inc.*
       **ND. Cal., Case No. 3:20-cv-01302**
       **VA Bar No. 95094**

Dear Ms. Fronfelter,

I am currently an active member in good standing with the Virginia Bar. I believe that I am obligated to provide notice to the Clerk of the Disciplinary System under these circumstances, where I have received a court sanction and referral to the Standing Committee of the Northern District of California.

The enclosed documents provide a detailed account of the facts surrounding the court sanction and referral

- A Rule 59 Motion seeking reconsideration over some of the court's finding, filed on December 16, 2020 (**Exhibit 1**), and including a detailed factual background section

- The court's sanction order, issued on November 19, 2020 (**Exhibit 2**)

- A Final Report of the Standing Committee issued on February 4, 2022, ordering the payment of pro hac vice fees for cases filed in the Northern District (**Exhibit 3**)

- An email confirmation by a clerk of the Northern District, which I received on March 25, 2022, confirming the timely fee payment and that the matter was closed (**Exhibit 4**)

The Rule 59 Motion describes the factual circumstances involved with the court's sanction and disciplinary referral. The basis of the sanction arose from my mistaken interpretation over the circumstances under which a party may amend a complaint as of right (under FRCP 15). The Motion explains that I made a genuine mistake, devoid of bad faith.

— 1 —

## RABICOFF LAW LLC
5680 KING CENTRE DR, SUITE 645
ALEXANDRIA, VA 22315

(773) 669 4590
ISAAC @ RABILAW.COM

Regarding the Standing Committee matter, the Standing Committee narrowed down the issues and concerns of the court to a single issue – that I had delayed seeking pro hac vice admission in 29 cases over the past 2 years in the district, because these cases resolved early in the litigation. I explained that I had consulted with my local counsel, and my local counsel advised that seeking pro hac vice admission concurrently with filing the initial pleadings was not required, and that it would be acceptable to wait until the case management conference to seek such admission.

After conducting a thorough investigation and discussing these issues with my local counsel, the Standing Committee suggested that an appropriate resolution would be for me to pay the pro hac vice fees in all cases where I did not seek admission. I accepted this proposed resolution, and promptly and timely paid the required fee upon receiving the corresponding court order. *See* Exhibits 2 and 3.

I fully acknowledge the gravity of my mistakes, will never commit them again, and have timely paid the court's sanction fee and the Standing Committee's pro hac vice fees.

I am happy to address any questions or provide any further documentation upon request.

Sincerely,

/s/ Isaac Rabicoff
Isaac Rabicoff

— 2 —

Exhibit 1

1   JEFFER MANGELS BUTLER & MITCHELL LLP
    MATTHEW S. KENEFICK (Bar No. 227298)
2   *mkenefick@jmbm.com*
    Two Embarcadero Center, 5th Floor
3   San Francisco, California 94111
    Telephone: (415) 398-8080
4   Facsimile: (415) 398-5584

5   Attorneys for Isaac Rabicoff

6

7

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10  CEDAR LANE TECHNOLOGIES INC.,          Case No. 3:20-cv-01302-VC

11              Plaintiff,                 [Assigned to the Honorable Vince Chhabria]

12         v.                              **MOTION OF ISAAC RABICOFF TO
                                           ALTER OR AMEND JUDGMENT
13  BLACKMAGIC DESIGN INC.,                PURSUANT TO FRCP 59(e)**

14              Defendant.                 **[NO ORAL ARGUMENT REQUESTED]**

15                                         Time:    10:30 a.m.
                                           Date:    January 26, 2021
16                                         Place:   Courtroom 4  *Via Zoom Webinar*
                                           Judge:   Honorable Vince Chhabria
17

18                                         Complaint filed:      February 20, 2020
                                           Dismissal entered:    November 19, 2020
19

20

21

22

23

24

25

26

27

28
                                                          Case No. 3:20-cv-01302-VC
        MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO
                                  FRCP 59(e)

## NOTICE OF MOTION AND MOTION [L.R. 7-2(b)(2)]

PLEASE TAKE NOTICE that on January 26, 2021 at 10:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California 94012, before the Honorable Judge Vince Chhabria, Isaac Rabicoff ("**Rabicoff**") will, and hereby does, bring this Motion to Alter or Amend Judgment Pursuant to FRCP 59(e).  The hearing shall be conducted via Zoom Webinar.

## RELIEF REQUESTED [L.R. 7-2(b)(3)]

Rabicoff respectfully requests, pursuant to Federal Rule of Civil Procedure 59(e), the Court reconsider the finding that Rabicoff acted in bad faith in connection with filing amended complaints and in the positions he took to defend such actions.  Rabicoff also respectfully requests the Court reconsider the finding that Rabicoff made deceptive statements as to why he missed the October 1, 2020 hearing.  This motion is based on this Notice and Motion, the Memorandum of Points and Authorities, and such evidence and argument as may be submitted.

DATED: December 16, 2020

Respectfully submitted,

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK

By:    /s/  Matthew S. Kenefick
          MATTHEW S. KENEFICK
Attorneys for Isaac Rabicoff

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

## MEMORANDUM OF POINTS AND AUTHORITIES [L.R. 7-4]

### I.    INTRODUCTION

Isaac Rabicoff ("**Rabicoff**"), counsel for Plaintiff, respectfully requests the Court reconsider some of the factual findings in its November 19, 2020 Order Imposing Sanctions and Referring Rabicoff to Standing Committee on Professional Conduct [Document No. 61] (the "**Sanctions Order**.")

Rabicoff acknowledges, and sincerely apologizes, for the procedural irregularities and sloppiness in the way he handled this case.  He fully accepts the consequences of his actions and will respect the Court and its procedures better in the future.  Rabicoff accepts the Court's Rule 11 sanctions and has paid that amount.  Rabicoff will work with the Standing Committee to address his pro hac vice practice and the conduct which is the subject of the Sanctions Order.  Rabicoff, however, respectfully requests that the Court revisit two findings in its sanctions order: i) that he acted in bad faith in connection with filing amended pleadings and defending such conduct; and ii) that he made deceptive statements regarding the reason he missed the October 1, 2020 hearing on Defendant's motion to dismiss/strike.  Rabicoff is not re-arguing the merits of the underlying issues; rather, he is asking the Court to respectfully reconsider its findings of bad faith and intention to mislead the Court.  Rabicoff could have, should have, and will in the future, do better and be more diligent.  Rabicoff acknowledges that the lack of bad faith is not a defense to Rule 11 sanctions and is not challenging the Court's imposition of sanctions.

As such, Rabicoff respectfully requests the Court reconsider these findings in its Sanctions Order.  Since the matter was dismissed, instead of a motion for reconsideration pursuant to Local Rule 7-9, precedent suggests that Rule 59(e) is the appropriate mechanism for this request.

### II.    STATMENT RELEVANT FACTS [L.R. 7-4(a)(4)]

**February 20, 2020**.  Plaintiff filed its complaint for this action.  Document No. 1.

**June 26, 2020**.  Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Document No. 16.

**June 26, 2020.**  Defendant filed its answer to Plaintiff's Complaint.  Document No. 19.

**July 1, 2020**.  Plaintiff filed its first amended complaint without seeking leave of court.

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

JMBM | Jeffer Mangels Butler & Mitchell LLP

1   Document No. 21.

2       **July 6, 2020**.  Plaintiff filed its second amended complaint without seeking leave of court.

3   Document No. 22.

4       **July 20, 2020.**  Defendant filed a motion to strike (Rule 12(f)) and to dismiss (Rule

5   12(b)(6)) Plaintiff's second amended complaint.  Document No. 30.

6       **July 20, 2020.**  Defendant filed its answer.  Document No. 31.

7       **July 31, 2020**.  Plaintiff filed its third amended complaint without seeking leave of court.

8   Document No. 35.

9       **August 14, 2020**.  Defendant filed a motion to strike (Rule 12(f)) and to dismiss (Rule

10  12(b)(6)) Plaintiff's third amended complaint.  Document No. 39.

11      **August 21, 2020**.  Plaintiff filed its opposition to Defendant's motion to strike and dismiss.

12  Document No. 42.

13      **October 1, 2020**.  The Court heard oral argument on Defendant's motion to strike and

14  dismiss.  Plaintiff's Counsel failed to attend that hearing.  The Court issued an order for Plaintiff

15  to show cause as to why the matter should not be dismissed for failure to prosecute and why

16  Plaintiff's Counsel should not be sanctioned for repeatedly failing to comply with Rule 15 and

17  making misrepresentations to the Court about the language of Rule 15.  Document No. 47.

18      **October 14, 2020**.  Plaintiff's Counsel filed its response to the Court's October 1, 2020,

19  show cause order, supported by declarations of Rabicoff and his local counsel Kirk Anderson.

20  Document No. 51.

21      **October 16, 2020**.  The parties filed a joint request for dismissal pursuant to Rule 41.

22  Document No. 52.

23      **November 3, 2020**.  The Court issued an order requesting Rabicoff provide a summary of

24  all cases he has appeared in before the Northern District of California in the past five years.

25  Document No. 56.

26      **November 6, 2020**.  Rabicoff filed the information requested in the Court's November 3

27  order.  Document No. 57.

28      **November 12, 2020**.  The Court conducted a hearing on the show cause order and ordered

4                                  Case No. 3:20-cv-01302-VC

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO
FRCP 59(e)

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  Rabicoff to submit an updated appearance chart by 5 p.m. on November 13.  Document No. 59.

2       **November 13, 2020**.  Rabicoff submitted the information requested by the Court in the

3  November 12 hearing.  Document No. 60.

4       **November 19, 2020**.  The Court issued its order finding Rabicoff and Kirk Anderson in

5  violation of Rule 11 and finding, *inter alia*, that they improperly filed multiple amended

6  complaints without first seeking leave, made frivolous and misleading arguments defending the

7  defective filings, and failed to appear at Defendant's motion to strike and dismiss.  The Court

8  sanctioned Rabicoff $1,000 and referred him to the Standing Committee on Profession Conduct

9  regarding his conduct and pro hac vice practice.  The Court dismissed the matter with prejudice

10  pursuant to stipulation of the parties.  Document No. 61.

11       **December 8, 2020**.  ECF receipt of Rabicoff's $1,000 payment of the sanction order.

12  Document No. 62.

13  **III.**     **STATEMENT OF THE ISSUES TO BE DECIDED [L.R. 7-4(a)(3)]**

14       Rabicoff respectfully requests the Court reconsider two findings in its Sanctions Order:

15          1.    That Rabicoff acted in bad faith in connection with amending Plaintiff's

16  complaints and defending such actions; and

17          2.    That Rabicoff made deceptive statements as to why he missed the October

18  1, 2020 hearing on Defendant's motion to strike.

19  **IV.**     **LEGAL ARGUMENT [L.R. 7-4(A)(5)]**

20      **A.**     **FRCP 59(e) Is The Appropriate Procedural Mechanism For The Court To Consider Rabicoff's Request**

21

22       Rabicoff is requesting the Court reconsider some of its factual findings.  While Local Rule

23  7-9 provides a mechanism for a motion for reconsideration, since the case has been dismissed, a

24  Federal Rule of Civil Procedure 59(e) motion is the appropriate mechanism.  *See*, *Am. Ironworks*

25  *& Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("a 'motion for

26  reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil

27

28

                           5               Case No. 3:20-cv-01302-VC

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

JMBM | Jeffer Mangels Butler & Mitchell LLP

Procedure Rule 59(e) if it is filed within ten days of entry of judgment").[1] *Accord. Carranza v. G.D. Lewis*, No. C12-01169 (N.D. Cal. Aug. 21, 2012); *Sanderson v. Gipson,* C12-01595 (N.D. Cal. Oct. 3, 2014). A Rule 59(e) motion may be granted to "correct manifest errors of law or fact upon which the judgment rests…" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Although a Rule 59(e) motion permits a district court to alter or amend a judgment, it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Relief from judgment under Rule 59(e) is "extraordinary" and "should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999).

Here, Rabicoff has filed the instant motion within 28-days of the entry of the November 19, 2020 dismissal order and therefore it is timely. He is respectfully asking the Court to reconsider the following factual conclusions in the Sanctions Order:

**B.    The Factual Findings That Rabicoff Respectfully Requests The Court Reconsider**

**1.    The Finding Of Bad Faith Regarding Rule 15 (Document 61 pp.1, 7)**

On pages 1 and 7 of the Sanctions Order (Document 61), the Court found that Rabicoff engaged in bad faith in arguing that Rule 15 permitted a plaintiff to amend its complaint in response to a Rule 12(b) motion (Document 42 at p.4:5-10). The Sanctions Order concludes that Rabicoff "selectively omitted" the portion of Rule 15 that provides that a party may amend its complaint "once as a matter of course…" *See* Document No. 61 at p.6.

Rabicoff respectfully submits that he did not omit the portion of Rule 15 that states "once as a matter of course" to mislead the Court; rather he was making the argument that this phrase does not modify FRCP 15(a)(1)(B) so as to preclude future amendment in response to a 12(b) motion. Although Rabicoff admittedly should have been clearer about this argument, it was not made in bad faith. This was sloppy argument. This was a strained argument. It should never have been made.

---

[1] The time period to file such motion was extended to 28 days pursuant to 2009 amendments.

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

1    Although Rabicoff was unaware of the ruling at the time of his conduct in question, Judge

2  Demarchi issued a ruling in 2019 that arguably supports Rabicoff's creative (yet strained) efforts

3  to have the Court broadly construe Rule 15.  *See Bellone v. Gadabout Tours, Inc.*, No. 19cv00307

4  (N.D. Cal. Sept. 10, 2019).  *Bellone* is procedurally distinguishable from the instant matter, and

5  therefore, Rabicoff only presents it to the Court for the sole purpose of showing a lack of bad faith

6  – not that the argument below had merit.

7    In *Bellone*, the plaintiff filed its complaint on January 18, 2019.  On July 10, 2019 the

8  plaintiff filed its first amended complaint pursuant to stipulation of the parties.  On September 4,

9  2019, the defendants filed a 12(b)(6) motion.  On September 9, 2019, the plaintiff filed a second

10  amended complaint without first seeking leave of court "as a matter of course pursuant to Rule

11  15(a)(1)(B)." *See Bellone* at *1.  In denying the defendants' motion to dismiss, Judge DeMarchi

12  ruled that the second amended complaint was "filed as a matter of right":

13          A plaintiff may amend its pleading once as a matter of course within
            21 days of service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a).
14          An amended pleading generally supersedes an original pleading.…
            Because the Gadabout defendants were not named as defendants until
15          the first amended complaint, and they responded to that pleading by
            filing a motion to dismiss pursuant to Rule 12(b)(6), Mr. Bellone's
16          second amended complaint appears to have been filed as a matter of
            right within the time to amend permitted under Rule 15(a)(1)(B)…
17
    *Id.* (internal citations omitted).
18
       Unlike the instant matter, the *Bellone* defendants (the Gadabouts) were not named prior to
19
    the filing of the first amended complaint – a key distinction.  In *Bellone*, however, the plaintiff did
20
    file a second amended complaint as a matter of right following the service of a 12(b)(6) motion to
21
    the first amended complaint.  Additionally, Judge DeMarchi's comments suggest a broad
22
    construction of Rule 15 in favor of amendment.[2]  As such, Rabicoff respectfully submits that his
23
    position regarding Rule 15, while sloppy, inaccurate and strained, was made in a good faith effort
24
    to have the Court broadly construe Rule 15 in his client's favor.  There was no bad faith, intent to
25

26

27  _____

28  [2] Rabicoff acknowledges that the *Bellone* ruling is not binding precedent on this Court.

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO
FRCP 59(e)

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1   conceal or attempt to mislead the Court, and Rabicoff apologizes for creating circumstances from

2   which the Court could reach such a conclusion.

### 2. Finding That Rabicoff Made Deceptive Statements As To Why He Missed The October 1 Hearing

On page 6 of the Sanctions Order, the Court found that Rabicoff made "deceptive statements" by arguing that he missed the October 1 hearing due to it being scheduled 2 days earlier. Rabicoff acknowledges that this is what his declaration states. *See* Document No. 51-2 at p.2:5-8. This statement, while concededly sloppy, was not intended to mislead the Court. As the Court's Sanctions Order notes, the hearing was scheduled on August 6, and Rabicoff was not trying to sequester this fact in his declaration since it was known to the Court. Instead, as the Court also notes, the September 29 Clerk's notice (similar to the Clerk's September 12 notice (Document No. 45)) provided Zoom registration instructions. The Rabicoff declarations (Documents 51-2, 61-3) detail how Mr. Rabicoff attempted to attend the hearing via Zoom, but was unable to do so due to the failure to pre-register. This was not a matter of bad faith or a cavalier disregard for judicial orders or procedures; rather, an error, neglect and poor organization. As such, Rabicoff respectfully submits that the statements made in his October 14 declaration (Document 51-2) were not in bad faith or intended to mislead the Court, and he apologizes for not being more precise in his statements.

### V. CONCLUSION

Rabicoff may have done many things wrong, but he did not act in bad faith or attempt to mislead the Court. Rabicoff takes full ownership of his actions and appreciates the seriousness of the situation. Rabicoff is not challenging the imposition of Rule 11 sanctions and accepts this as the consequences for his conduct. Rabicoff is not attempting to re-argue the merits of the underlying proceedings. Rather, Rabicoff is respectfully asking the Court to reconsider the findings that he acted in bad faith or made deceptive statements.

///

///

///

8                                          Case No. 3:20-cv-01302-VC

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO FRCP 59(e)

DATED: December 16, 2020

Respectfully submitted,

JEFFER MANGELS BUTLER & MITCHELL LLP
MATTHEW S. KENEFICK

By: _____/s/ Matthew S. Kenefick_____
MATTHEW S. KENEFICK
Attorneys for Isaac Rabicoff

MOTION OF ISAAC RABICOFF TO ALTER OR AMEND JUDGMENT PURSUANT TO
FRCP 59(e)

Exhibit 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., | Case No. 20-cv-01302-VC |
| Plaintiff, | |
| v. | **ORDER IMPOSING SANCTIONS AND REFERRING ATTORNEY RABICOFF TO STANDING COMMITTEE ON PROFESSIONAL CONDUCT** |
| BLACKMAGIC DESIGN INC., | |
| Defendant. | |

While representing plaintiff Cedar Lane Technologies in this patent infringement suit, Isaac Rabicoff and Kirk Anderson: (i) repeatedly flouted Rule 15 by filing multiple amended complaints without seeking leave from the Court or consent from defendant Blackmagic Design; (ii) made objectively frivolous and misleading arguments in defending their defective filings; and (iii) failed to appear at a hearing on Blackmagic's motions to strike and dismiss. The Court issued an order to show cause why Rabicoff and Anderson should not be sanctioned for this conduct. In response, both attorneys made misleading statements about the procedural history of the case.

Rule 11 sanctions are warranted against Anderson because, as he now admits, he took positions in his filings that were objectively frivolous. Sanctions pursuant to both Rule 11 and the Court's inherent authority are warranted against Rabicoff because he took the same objectively baseless positions and did so in bad faith.

Furthermore, the process of investigating the above-referenced misconduct revealed potential larger-scale misconduct by Rabicoff. It turns out that although Rabicoff is a serial filer of patent lawsuits in the Northern District of California, he is not admitted to practice in this district. Sometimes he seeks pro hac vice admission in these lawsuits, which is improper for

someone who practices regularly here. But often Rabicoff does not even bother to seek pro hac vice admission or pay the required fee. Instead, he settles or otherwise dismisses the suits before his failure to seek admission or pay the fee is detected by the Court. Rabicoff is thus referred to the Northern District's Standing Committee on Professional Conduct for further investigation into whether he has been systematically violating the local rules or otherwise acting illegally or unethically in connection with his patent law practice in this district.

## I

This case was filed by Cedar Lane against Blackmagic alleging patent infringement. Throughout the lawsuit, Anderson and Rabicoff have served as attorneys for Cedar Lane. Anderson is licensed in California and is a member of the Northern District of California bar; Rabicoff is licensed in Illinois and Virginia and is not a member of this district's bar. On the original complaint, Anderson appeared as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed."

After Blackmagic filed a motion to dismiss, Cedar Lane filed a first amended complaint, as it was entitled to do under Federal Rule of Civil Procedure 15(a)(1). Five days later, and before Blackmagic had responded to the first amended complaint, Cedar Lane filed a second amended complaint. On both the first and second amended complaints, Anderson appeared as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed."

In response to the second amended complaint, Blackmagic filed a "Notice of Non-Opposition to Entry of Second Amended Complaint." The notice explained that the filing of the second amended complaint was defective under Federal Rule of Civil Procedure 15 because Cedar Lane had already amended its complaint once as of right, and had not received Blackmagic's written consent or the Court's permission before amending a second time, as required under the rule. *See* Fed. R. Civ. P. 15(a)(2). Blackmagic further explained that it did not oppose the entry of the second amended complaint despite this defect, and requested permission to file a new motion to dismiss if the Court accepted the new complaint. The Court ordered that the second amended complaint would become the operative complaint and denied the first

motion to dismiss as moot. Blackmagic then moved to dismiss the second amended complaint.

Eleven days later, Cedar Lane filed a third amended complaint, with Anderson still appearing as lead counsel and Rabicoff as "Pro Hac Vice admission to be filed." Blackmagic filed a motion to strike this complaint on the ground that Cedar Lane had once again failed to comply with Rule 15's requirements by amending its pleadings without receiving written consent from Blackmagic or permission from the Court.

Cedar Lane opposed Blackmagic's motion to strike. In the opposition brief, Cedar Lane argued that it had complied with Rule 15 because the rule allows a plaintiff to amend its pleadings as of right *every time* the defendant files a new motion under Rule 12(b), (e), or (f). Anderson was listed as lead counsel on this brief and Rabicoff was listed as "of Counsel."

On October 1, a hearing was held on Blackmagic's motion to dismiss and motion to strike. Neither Anderson nor Rabicoff pre-registered for the hearing, as the parties were told they were required to do, and neither showed up for the hearing itself. Rabicoff emailed the Court about 15 minutes after the start of the hearing stating that there had been a "misunderstanding" about how to connect via zoom and that he "inadvertently attempted to connect through the zoom information provided on Judge's website." This email was not seen until after the hearing had ended.

The Court granted Blackmagic's motion to strike the third amended complaint and issued an order to show cause as to why the case "should not be dismissed for failure to prosecute, and why counsel for Cedar Lane should not be sanctioned for their repeated failure to comply with Rule 15 and their misrepresentations regarding the language of Rule 15 in their submissions to the Court." The Court later clarified that the order to show cause applied to both Anderson and Rabicoff, and that each must respond separately.

In their response to the order to show cause, on which Anderson appeared as lead counsel and Rabicoff as "of Counsel," Rabicoff and Anderson first noted that the question of whether the case should be dismissed for failure to prosecute had become moot because the parties had reached an out-of-court agreement. Shortly after, the parties filed a joint stipulation of dismissal

with prejudice, with each side bearing its own costs, expenses, and attorney's fees.

Also in the response, Anderson and Rabicoff explained that their failure to appear for the October 1 hearing was in part "because the hearing was scheduled two days after it was docketed, [so] counsel's scheduling procedure—which would include double-checking the docket—was less rigorous than usual." Both Rabicoff and Anderson also asserted in their personal declarations that the Court had scheduled the October 1 hearing only two days before the hearing itself. Rabicoff further declared that he was "lead counsel" in the action, and that he had not intentionally violated Rule 15 but had simply misinterpreted the rule as allowing the plaintiffs to file a new complaint after each new motion to dismiss. Anderson, in contrast, declared that he knew Rule 15 did not allow this, but that he had not adequately reviewed either the complaints or the opposition brief before they were filed.

In response to a request by the Court, Rabicoff also submitted a chart with information about his history of litigation in the Northern District of California over the past five years.[1] The Court has not verified any of the information in Rabicoff's chart, but it represents that from July 2018 through October 2020 he filed 49 lawsuits in this district. All of them were patent cases in which he says he served as lead counsel. In 29 of the 49 cases, Rabicoff did not seek admission to appear pro hac vice or pay the pro hac vice application fee. In one case, a law firm associate appeared and filed the pro hac vice application and fee, but Rabicoff, acting as lead counsel, did not. Anderson served as local counsel in six of Rabicoff's 49 cases.

Two weeks before the hearing on the order to show cause (and after the parties had submitted a stipulation to dismiss the case), Rabicoff filed his motion to appear pro hac vice, naming Anderson as local co-counsel. The address for Anderson that Rabicoff provided was a Colorado address; no local California address was provided. At the hearing, the lawyers stated that it was Rabicoff who had authored the opposition brief and who had served as lead counsel for the entirety of the lawsuit.[2]

---

[1] This chart was supplemented and updated after the hearing on the order to show cause.
[2] Both Rabicoff and Anderson submitted proposed supplemental declarations after the hearing on

## II

Federal Rule of Civil Procedure 11 provides that when an attorney presents "a pleading, written motion, or other paper" to a court, the attorney "certifies that to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law" and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2), (b)(3). Representations that are "legally frivolous" or "factually misleading" are sanctionable. *Truesdell v. Southern California Permanente Medical Group*, 293 F.3d 1146, 1153 (9th Cir. 2002). A Court may issue monetary sanctions against an attorney on its own initiative if it issues an order to show cause before voluntary dismissal or settlement of the case. Fed. R. Civ. P. 11(c)(3), (c)(5)(B). Sanctions imposed under Rule 11 on a court's own initiative are ordinarily only proper when an attorney's conduct is something akin to contempt of court. *See United National Insurance Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001).

Courts can also impose monetary sanctions under their inherent authority if an attorney acts in bad faith or engages in conduct "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). This encompasses a "broad range of willful improper conduct," including when an attorney's actions are simultaneously reckless and frivolous. *Id.* at 992, 994.

Rule 11 sanctions are warranted against Rabicoff based on the objectively frivolous arguments and misleading statements he made. First, the argument he advanced in the opposition brief—that Rule 15 allows a plaintiff to amend its complaint as a matter of right every time the defendant files a Rule 12(b) motion—is objectively frivolous. The argument defies Rule 15's plain language, which provides that a party "may amend its pleading *once* as a matter of course within . . . 21 days after service of a motion under Rule 12(b)," but that for "other amendments" and "[i]n all other cases, a party may amend its pleading only with the opposing party's written

---

the order to show cause; the motion to consider those supplemental filings is granted.

consent or the court's leave." Fed. R. Civ. P. 15(a) (emphasis added). The argument also defies common sense, as it would allow plaintiffs to endlessly file new complaints in response to every new motion to dismiss. During the hearing on the order to show cause, both Rabicoff and Anderson admitted that the interpretation advanced in the opposition brief was objectively frivolous. And although Rabicoff maintained that at the time he wrote the brief he made an honest mistake about Rule 15's interpretation—and only later understood the objectively frivolous nature of his argument—Rabicoff was put on notice of Rule 15's clear requirements when Blackmagic filed its notice of non-opposition to the second amended complaint.

Moreover, the manner in which Rabicoff quoted Rule 15 in his opposition brief was misleading. Specifically, Rabicoff quoted Rule 15 in the context of making the following assertion: "The Federal Rules allow a party to amend pleadings as of right '21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b),** (e), or (f), whichever is earlier.'" But Rabicoff selectively omitted the key phase which immediately precedes the quoted language and provides that a party can amend pleadings "once as a matter of course" 21 days after service of a Rule 12(b) motion, not every time a Rule 12(b) motion is filed.

These were not the only deceptive statements Rabicoff made. He also argued in the response to the order to show cause (and in his personal declaration in support of the response) that his failure to register and appear for the October 1 hearing was in part due to the Court having scheduled the hearing two days prior, on September 29. But the October 1 hearing was scheduled on August 6, eight weeks before it occurred. What happened on September 29 was that the parties received notice (and instructions) that they must pre-register to appear by Zoom in advance of the hearing. Rabicoff thus attempted to suggest that the Court was somehow responsible for his failure to appear at the hearing because he did not receive adequate notice, when in fact he was on notice for two months. In addition, Rabicoff's representations to the Court about his role in this case have been misleading. He alternately described himself as "of Counsel" and "Pro Hac Vice admission to be filed" on the filings, but asserted in his declaration that he is "Lead Counsel." Rabicoff has not provided a satisfactory answer for these

discrepancies. Moreover, considering all of the circumstances in this case, including his responses and demeanor during the hearing on the order to show cause, the Court finds that the position Rabicoff took regarding Rule 15 amounts to bad faith. Sanctions are thus also justified under the Court's inherent authority. *See Fink*, 239 F.3d at 994.

Rule 11 sanctions are also warranted against Anderson. As Anderson acknowledged, he had a continuing obligation as local co-counsel and as signatory to the briefs to ensure that they did not contain frivolous arguments or misleading statements. He stated that he knew at the time the opposition brief was filed that its interpretation of Rule 15 was objectively frivolous, but that he simply did not review the brief before filing it or know that this was the argument it advanced. For purposes of Rule 11, this does not matter: an attorney certifies that a motion makes nonfrivolous arguments by "signing, filing, [or] submitting" it. Fed. R. Civ. P. 11(b). Anderson did all three, and his failure to review the brief before he signed and filed it was reckless. And although Anderson would be sanctioned based on that conduct alone, he made things worse by signing, filing, and submitting the response to the order to show cause, which, as described above, wrongfully implied that Rabicoff's failure to appear at the October 1 hearing was partially due to the Court having scheduled the hearing two days before it occurred. Anderson's declaration in support of the response made similar representations. At the hearing on the order to show cause, Anderson stated that his understanding of the schedule came from Rabicoff, but it was obvious by that time that Rabicoff could not be trusted to truthfully tell him what was happening. Anderson could have and should have verified this information himself before signing the response or submitting the sworn declaration.

However, unlike Rabicoff, Anderson does not appear to have proceeded in bad faith. He certainly should have been far more vigilant in complying with his duties as local counsel and reviewing the filings he signed and filed, and his conduct was reckless. But he does not seem to be the one primarily responsible for the false representations made to the Court.

### III

When there is reason to believe an attorney has engaged in unprofessional conduct, the

7

Court may, in addition to ordering sanctions, refer the matter to the Northern District of California's Standing Committee on Professional Conduct. *See* Civil Local Rule 11-6. Rabicoff is referred to the Committee for an investigation into the broader practices discussed in this order. Specifically, Rabicoff's chart asserts that he has filed 49 patent cases in this district in just over two years. Attorneys who regularly practice in the Norther District of California must be admitted to practice here; they may not appear pro hac vice. *See* Civil Local Rule 11-3. Moreover, Rabicoff appears to be engaging in a deliberate scheme to avoid paying pro hac vice fees—he has failed to seek admission to proceed pro hac vice or pay the corresponding fee in 30 of the 49 cases listed on his chart.

It bears emphasis that the Court has not investigated whether the information provided in Rabicoff's chart is complete or accurate. Nor has the Court fully explored all the potential rule violations that Rabicoff has committed. The Court requests that the Committee more thoroughly investigate and evaluate Rabicoff's practices and report back to the Court in writing with its findings.

## IV

Anderson is sanctioned $500 under Rule 11 for his frivolous arguments and misrepresentations in the opposition brief and in response to the order to show cause. Rabicoff is sanctioned $1,000 pursuant to Rule 11 and the Court's inherent authority for his frivolous arguments and misrepresentations in the opposition brief and in response to the order to show cause. Payment shall be made to the Clerk of the Court within 14 days of this order. Rabicoff is also referred to the Northern District's Standing Committee on Professional Conduct for further investigation into his practices of filing patent lawsuits in this Court.

Rabicoff's motion to appear pro hac vice is denied.

The parties' stipulation to dismiss the case with prejudice—filed after the order to show cause was issued—is now granted.

**IT IS SO ORDERED.**

Dated: November 19, 2020

VINCE CHHABRIA
United States District Judge

# Exhibit 3

1  STANDING COMMITTEE ON PROFESSIONAL
   CONDUCT FOR THE UNITED STATES
2  DISTRICT COURT FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
3  DARALYN J. DURIE (SBN 169825)
   CAROLINE MCINTYRE (SBN 159005)
4  217 Leidesdorff Street
   San Francisco, CA  94111
5  Telephone:    415-362-6666
   Facsimile:    415-236-6300
6  ddurie@durietangri.com
   cmcintyre@be-law.com
7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 | In re ISAAC RABICOFF,          | Case No. 20-mc-80206-JD

12 |              Respondent.       | **FINAL REPORT OF THE STANDING
   |                                | COMMITTEE ON PROFESSIONAL
13 |                                | CONDUCT SUBMITTED PURSUANT TO
   |                                | LOCAL RULE 11-6(E)3; [PROPOSED]
14 |                                | ORDER CLOSING THE MATTER**

15

16

17       **CONFIDENTIAL: ATTORNEY DISCIPLINE MATTER.**

18                **FILED UNDER SEAL**

19       **PURSUANT TO CIVIL LOCAL RULE 11-6(e)(5)**

20

21

22

23

24

25

26

27

28

This matter was referred to the Committee by the Honorable Vince Chhabria in an Order dated November 19, 2020 ("Referral Order"). The Referral Order was entered in *Cedar Lane Technologies Inc. v. Blackmagic Design Inc.*, Case No. 20-cv-01302-VC (N.D. Cal.). The Court issued an Order to determine whether Mr. Rabicoff has breached duties of professional conduct under Civil Local Rule 11-4, and referred to the Northern District of California's Standing Committee on Professional Conduct ("Standing Committee') based on the following conduct: "Mr. Rabicoff is a serial filer of patent lawsuits in the Northern District of California, he is not admitted to practice in this district. Sometimes he seeks pro hac vice admission in these lawsuits, which is improper for someone who practices regularly here. But often Rabicoff does not even bother to seek pro hac vice admission or pay the required fee. Instead, he settles or otherwise dismisses the suits before his failure to seek admission or pay the fee is detected by the Court. Rabicoff is thus referred to the Northern District's Standing Committee on Professional Conduct for further investigation into whether he has been systematically violating the local rules or otherwise acting illegally or unethically in connection with this patent law practice in this district." (Referral Order at 1-2.)

The Chairman of the Standing Committee assigned Daralyn Durie and Caroline McIntyre, Members of the Standing Committee, to investigate the matter. Ms. Durie and Ms. McIntyre had multiple meetings with Mr. Rabicoff via videoconference wherein Ms. Durie and Ms. McIntyre, on behalf of the Standing Committee, and Mr. Rabicoff provided their respective views on Mr. Rabicoff's conduct. Following these meetings, the Standing Committee proposed the following informal resolution to Mr. Rabicoff.

- Mr. Rabicoff will pay the pro hac vice fees for the 29 matters he filed in the Northern District in the two years prior to the Referral Order where he did not pay the fees, totaling $9,193.00, by February 28, 2022, with payment to be made by check payable to the United States District Court.
- Mr. Rabicoff agrees, going forward, that he will regularly review and comply with the local rules and file his pro hac vice applications and pay accompanying pro hac vice fees at the same time he files any complaint in the Northern District.

Mr. Rabicoff agreed to this informal resolution. In light of the above, the Standing Committee hereby requests that the Court order Mr. Rabicoff to pay the above-referenced pro hac vice fees in the

1  amount of $9,193.00, by February 28, 2022, with payment to be made by check payable to the United
2  States District Court, and upon receipt of the fees, that the Court close this miscellaneous matter and
3  provide notice of this Order to Mr. Rabicoff at the following address:

4      Isaac Rabicoff, Esq.
       Rabicoff Law LLC
5      5680 King Centre Dr., Suite 645
       Alexandria, VA 22315
6

7  Dated: January 24, 2022                    By: _____
                                               The Standing Committee on Professional Conduct
8                                              For the United States District Court
9                                              By:    Daralyn J. Durie, *Chair*
                                                      Caroline McIntyre, *Member*
10

11

12                                     **ORDER**

13         For good cause appearing, Mr. Rabicoff is ordered to pay the above-referenced pro hac vice fees
14  in the amount of $9,193.00, by February 28, 2022, with payment to be made by check payable to the
15  United States District Court.  Upon receipt of the fees, the Court will close this miscellaneous matter and
16  provide notice of this Order to Mr. Rabicoff at the following address:

17      Isaac Rabicoff, Esq.
       Rabicoff Law LLC
18     5680 King Centre Dr., Suite 645
       Alexandria, VA 22315
19

20

21  SO ORDERED.
                                               _____
22  Dated:  February 4, 2022                   Honorable James Donato
                                               United States District Judge
23

24

25

26

27

28

                                           2

Exhibit 4

 Gmail

Isaac Rabicoff <isaac@rabilaw.com>

---

## FW: Case closed - 3:20-mc-80206-JD *SEALED* In re Isaac Rabicoff
1 message

---

**Caroline McIntyre** <cmcintyre@be-law.com>                 Fri, Mar 25, 2022 at 1:49 PM
To: Isaac Rabicoff <isaac@rabilaw.com>
Cc: Daralyn Durie <DDurie@durietangri.com>

Isaac,


Below is the email confirmation that the case is closed.



Caroline McIntyre | **Bergeson**|LLP
Managing Partner


**O** 408.291.6200 | **D** 408.291.2760 | **F** 408-297.6000

**Silicon Valley Office | San Francisco Office | Beverly Hills Office**

Website | vCard | Email | Bio | LinkedIn | Disclaimer




**From:** Daralyn Durie <DDurie@durietangri.com>
**Sent:** Thursday, February 17, 2022 10:54 AM
**To:** Jiyoun Chung <Jiyoun_Chung@cand.uscourts.gov>
**Cc:** Caroline McIntyre <cmcintyre@be-law.com>
**Subject:** RE: Case closed - 3:20-mc-80206-JD *SEALED* In re Isaac Rabicoff


Thanks!



**From:** Jiyoun Chung <Jiyoun_Chung@cand.uscourts.gov>
**Sent:** Thursday, February 17, 2022 10:42 AM
**To:** Daralyn Durie <DDurie@durietangri.com>
**Subject:** FW: Case closed - 3:20-mc-80206-JD *SEALED* In re Isaac Rabicoff


Hi Daralyn,

Case 3:25-cv-00103-ART-CLB    Document 37    Filed 09/19/25    Page 38 of 42

Please see update below re Mr. Rabicoff.


Best,

Jiyoun


Jiyoun Chung (she/her)

Law Clerk to the Hon. James Donato

d. 415.522.4104



**From:** William Noble <William_Noble@cand.uscourts.gov>
**Sent:** Wednesday, February 16, 2022 3:33 PM
**To:** Jiyoun Chung <Jiyoun_Chung@cand.uscourts.gov>
**Subject:** Case closed - 3:20-mc-80206-JD *SEALED* In re Isaac Rabicoff


Jiyoun:


Mr. Rabicoff paid the fee (fine?) as ordered.


I've closed this case.



Sincerely,


William S. Noble

Director of Case Administration

San Francisco Office

United States District Court

415-522-2644

Exhibit B

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Philip I. Rabicoff

Via Email: isaac@rabilaw.com

Chicago
July 28, 2022

Re:   Isaac Phillip Rabicoff

No. 2022IN01558

Dear Mr. Rabicoff:

We have concluded our consideration of the above-referenced matter and we have determined to close our file.

Although we will proceed no further at this time, we are concerned about your failure to comply with all the requirements for admission to practice law before a tribunal. This conduct may have been inconsistent with the Rules 5.5(a) of the *Illinois Rules of Professional Conduct of 2010*.

If we receive evidence of similar conduct by you in the future, the Administrator may reopen this investigation for further review. If you have any questions or concerns about our decision, please feel free to contact me.

As you may know, Illinois Supreme Court Rule 778 requires this office to expunge all records related to most terminated investigations three years after the date of closure. For several reasons, however, we recommend that lawyers retain their own copies of documents and records related to ARDC investigations. On rare occasions, complainants re-file, supplement or seek reconsideration of complaints after expungement has occurred. Additionally, from time to time, we reopen closed investigations where circumstances warrant as authorized by Commission Rule 54. Also, lawyers are sometimes asked to provide information about terminated disciplinary investigations in connection with applications for admission to practice law in other jurisdictions, judicial applications and applications for legal malpractice insurance.

Under Illinois Supreme Court Rule 766, this investigation is private and confidential. Again, thank you for your cooperation.

Very truly yours,

/s/John R. Cesario
Senior Counsel
ARDC-Intake Division

JRC:ms
MAINLIB_#1522558_v1

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Isaac Philip Rabicoff

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 10/31/2013 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 5th day of September, 2025.

*Cynthia A. Grant*

Clerk,
Supreme Court of the State of Illinois

# VIRGINIA STATE BAR

## CERTIFICATE OF GOOD STANDING

THIS IS TO CERTIFY THAT **ISAAC PHILIP RABICOFF** IS AN ACTIVE MEMBER OF THE VIRGINIA

STATE BAR IN GOOD STANDING.  **MR. RABICOFF** WAS LICENSED TO PRACTICE LAW IN VIRGINIA ON

**OCTOBER 29, 2019,** AFTER ADMISSION ON MOTION THROUGH THE SUPREME COURT OF VIRGINIA.

Issued April 24, 2023

DaVida M. Davis
**Director of Regulatory Compliance**