UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRON BIRD, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>RED CAT HOLDINGS, LLC,<br><br>　　　　　Defendant. | Case No. 3:25-cv-00103-ART-CLB<br><br>ORDER DENYING MOTION TO DISMISS (ECF No. 30) AND RELATED MOTIONS (ECF Nos. 17, 18, 29) |

Iron Bird, LLC ("Plaintiff") is the assignee of all right, title, and interest in United States Patent No. 7,400,950 (the "'950 Patent"), which discloses an "optical sensing system and system for stabilizing machine-controllable vehicles," issued on July 15, 2008. (ECF No. 28 at 2.) Plaintiff alleges that Red Cat Holdings, LLC, ("Defendant") directly infringed and induced infringement of the '950 Patent with its TEAL 2 device. (ECF No. 28-2.) Defendant moves to dismiss the complaint based on its position that the '950 Patent claims patent-ineligible subject matter. (ECF No. 30.)

## I.    Factual Background

The '950 Patent discloses "an imaging optical system" and "an optoelectronic shift sensor chip" for airborne objects like remote-controlled helicopters or drones that allows for a more accurate system of measuring and controlling aircraft movement. (*See generally* ECF Nos. 28 at 3, 28-1.) The system relies on an inventive use of a shift sensor that is normally found in a computer mouse, called an optical mouse sensor. (ECF No. 28-1, Patent Abstract.) This sensor allows "infinite objects" to be focused, allowing for precise measurements of aircraft movements and positionality. (*Id.*) Plaintiff claims that its system improves on the speed and accuracy of prior art methods, which did not rely on optical sensor

technology, and were therefore less efficient and lacked the ability to effectively stabilize flight. (ECF No. 28 at 3.)

The current action focuses on Claim 13 of the '950 Patent, which discloses a:

> System for controlling at least a roll attitude for stabilizing hovering flight of an airborne object, wherein an optoelectronical sensing means is provided for obtaining an optical flow measurement signal from a section of ground image, the system comprising an electronic circuit adapted for generating from the optical flow signal of at least a lateral movement direction, at least in part, a control signal in the manner of a negative feedback loop, the generated control signal being adapted for driving an actuating element affecting roll movements of the airborne object.

(ECF No. 28-1, Claim 13.) Plaintiff argues that Claim 13 requires the specific technological implementation that solved the prior art's speed and precision limitations. (ECF No. 28 at 5.)

## II.    Legal Standard

### a.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard, a district court must accept as true all well-pleaded factual allegations in the complaint and determine whether those factual allegations state a plausible claim for relief.

*Id.* at 678–79.

### b. Patent Ineligibility, 35 U.S.C. § 101

Section 101 of the Patent Act defines patent-eligible subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. Courts, however, "have long held that this provision contains an important explicit exception: Laws of nature, natural phenomenon, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l,* 573 U.S. 208, 216-217 (2014) (internal citation omitted). "This exception reflects the concern that patent law not inhibit further discovery by improperly tying up the future use of these building blocks of human ingenuity." *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1314 (Fed. Cir. 2021) (internal quotation marks omitted) (quoting *Alice Corp.*, 573 U.S. at 216). This concern is balanced against the fact that "all inventions at some level embody, use, reflect, rest upon, or apply laws of nature, natural phenomena, or abstract ideas." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 71 (2012). Thus, where an invention moves beyond an abstract idea by applying it "to a new and useful end," the invention will meet the § 101 standard. *Alice Corp.,* 573 U.S. at 217.

"The Supreme Court has established a two-step framework for evaluating patent eligibility under § 101." *Int'l Bus. Machines Corp. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1377 (Fed. Cir. 2022) (citing *Alice Corp.*, 573 U.S. at 217). First, courts must determine whether a patent's claims are directed to a "patent-ineligible concept," such as an abstract idea. *Alice Corp.*, 573 U.S. at 217. Abstract ideas may be "preexisting, fundamental truth[s]" such as mathematical equations, and also encompass "method[s] of organizing human activity" or "longstanding commercial practice[s]" like intermediated settlement or risk hedging. *Id.* at 220.

Second, if the court finds that the patent is directed to an ineligible subject,

3

it asks whether the claim elements, individually and as an ordered combination, "contains an inventive concept sufficient to transform the claims abstract idea into a patent eligible application." *Emergency Alerts Innovations, LLC v. United States*, 174 Fed.Cl. 485, 495 (2025) (citing *Chewy, Inc. v. Int'l Bus. Machines Corp.*, 94 F.4th 1354, 1365 (Fed. Cir. 2024)).

Patent eligibility is a question of law that may involve underlying questions of fact. *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1365 (Fed. Cir. 2018). "Thus, patent eligibility may be resolved at the Rule 12 stage only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127 (Fed. Cir. 2022) (collecting cases).

For any claim construction disputes, "the court must proceed by adopting the non-moving party's constructions or the court must resolve the disputes to whatever extent is needed to conduct the § 101 analysis, which may be less than a full, formal claim construction." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125 (Fed. Cir. 2018). Claim construction is not required to conduct a determination under § 101 if claims are directed to ineligible subject matter under all plausible constructions. *Sanderling Management Ltd. v. Snap, Inc.*, 65 F.4th 698, 704 (Fed. Cir. 2023). "It will ordinarily be desirable – and often necessary – to resolve claim construction disputes prior to a § 101 analysis," however. *Bancorp Services, LLC v. Sun Life Assur. Co. of Canada (U.S.)*, 678 F.3d 1266, 1273 (Fed. Cir. 2012). Deferral may be necessary "when a patentee identifies terms requiring construction and explains how resolution of construction disputes is material to resolving the § 101 challenge." *Google LLC v. Sonos, Inc.,* 498 F. Supp. 3d 1138 (N.D. Cal. 2020) (internal citation omitted).

## III.   Analysis

### a. Claim Construction

Although claim construction is not required before adjudicating subject

matter eligibility, the Court finds it advisable in this case. Defendant argues that the Court should disregard the preamble to Claim 13 as non-limiting and therefore unnecessary to construing the eligibility of the claim. Whether a preamble is limiting is a classic issue of claim construction. *Data Engine Technologies LLC v. Google LLC*, 10 F.4th 1375, 1380 (Fed. Cir. 2021). Plaintiff disputes this construction and argues that the preamble provides an antecedent basis for the limitation "an optical flow measurement signal" that appears in the body of the claim. *See Data Distribution Technologies, LLC v. BRER Affiliates, Inc.*, No. 12-4878 (JBS/KMW), 2014 WL 4162765, *6 (D. N.J. Aug. 19, 2014) (finding that adjudication of the patent's eligibility should be postponed until after claim construction where the parties disputed the plausible construction); *Sanderling Management Ltd.*, 65 F.4th at 704 (foregoing claim construction analysis only because parties failed to explain why constructions were not frivolous or make a difference to *Alice* analysis). At the hearing, Plaintiff argued that the entirety of Claim 13 is necessary to determine patent eligibility, because it would not be challenging to define "optical flow measurement signal" without its antecedent basis in the preamble. Defendant, on the other hand, argues that the antecedent basis is irrelevant because it applies to a term of prior art, and spends most of its briefing analyzing the *Alice* steps only as they apply to the body of the claim.

The parties' dispute over whether limitations exist in the preamble fundamentally changes the patent eligibility analysis, as it will affect exactly what content of Claim 13 the Court will consider. Defendant also conceded at oral argument that its arguments around claim construction would be better suited towards a dedicated hearing and rested on its Motion. The Court therefore finds that a *Markman* hearing would be the most appropriate place to resolve whether the preamble is limiting and have the proper basis under which to determine patent eligibility. *See Bell Semiconductor, LLC v. NXP USA, Inc.*, 653 F. Supp. 3d 767, 775-76 (S.D. Cal. 2023) (holding that the parties presented a clear claim

construction issue and therefore deferring the issue of eligibility until after claim construction). For the foregoing reasons, the Court will not walk through the *Alice* two-step analysis briefed by the parties and will reserve its analysis for after the hearing on claim construction.

## IV.    Conclusion

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 30) is DENIED without prejudice, which it can refile after claim construction.

It is further ordered that Defendant's previous Motions to Dismiss are DENIED as moot. (ECF Nos. 17, 18, and 29.)

Dated this 20th day of January, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

6